# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendant*. | Civil Action No. 19-3264 (EGS) |

## JOINT PROPOSED SCHEDULING ORDER

Pursuant to the Court's Minute Order entered on December 9, 2019, Plaintiff National Student Legal Defense Network ("Plaintiff") and Defendant the United States Department of Education ("Defendant") hereby provide the Court with the following Joint Proposed Scheduling Order.

1. On October 30, 2019, Plaintiff filed a Complaint alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* *See* ECF No. 1. On December 6, 2019, Defendant filed an Answer responding to Plaintiff's Complaint. *See* ECF No. 7.

2. Defendant does not anticipate that an *Open America* stay will be necessary in this case, and the parties do not believe that this case would benefit from a referral to a magistrate judge or the District Court Mediation Program for purposes of settlement.[1]

---

[1] The parties are not aware at this time whether a *Vaughn* index or dispositive motion briefing will be necessary in this case, but will confer regarding those matters once Defendant's response to Plaintiff's FOIA request is complete.

3. Defendant is currently: (1) processing a first set of records located in response to Plaintiff's FOIA request; as well as (2) completing searches for records potentially responsive to Plaintiff's FOIA request.

4. Defendant provided an interim response letter and production of documents to Plaintiff with respect to one of Plaintiff's FOIA requests on December 12, 2019.  The production included 1,084 pages responsive to Plaintiff's request.  Plaintiff has raised issues concerning Defendant's use of redactions and requested that Defendant reproduce those documents.  The parties are currently engaged in discussions concerning Plaintiff's request.

5. As searches for documents responsive to Plaintiff's FOIA requests are ongoing and Defendant does not yet know the total volume of potentially responsive records, Defendant cannot propose a final production date for responsive documents at this time.  Defendant states that, due to a high volume of FOIA requests and a backlog of e-discovery requests within the agency, Defendant cannot anticipate when its searches will be complete.  However, once searches are complete, Defendant will promptly confer with Plaintiff about a final production date for responsive documents.

6. Although Defendant is not yet in a position to propose an overall processing timeline, Defendant anticipates that it will make a second release to Plaintiff by February 18, 2020.  Defendant intends to make future interim releases with respect to Plaintiff's FOIA requests on a monthly basis.  The parties agree that subsequent monthly rolling productions will be made by the

20th day of the month, unless that day falls on a weekend or holiday, in which case the production will be made by the next business day.

7. Although the parties agree that this matter should, in the first instance, proceed with a processing schedule, the parties have been unable to reach an agreement with respect to the number of documents to be processed and/or produced per month and therefore include alternate proposed orders.

8. Plaintiff proposes that Defendant produce, in full or in part, at least 500 pages per month. Plaintiff believes this production schedule to be reasonable, given that Plaintiff's request is limited to a single email address that is dedicated to a specific purpose and that Defendant has been unable to complete a search of that email address to provide an estimate of potentially responsive documents. Other courts have found similar processing schedules to be reasonable. *See, e.g.*, Order (ECF No. 18), *Student Defense v. U.S. Dep't of Educ.*, 1:18-cv-1464 (TNM) (Dec. 17, 2018).

9. Defendant proposes to process (*i.e.,* produce in full or in part, or withhold in full) at least 500 pages per month. Defendant states that its standard processing rate is 500 pages per month and that Plaintiff's demand for a higher rate of production amounts to a demand to be treated more favorably than other FOIA requesters currently receiving rolling productions from Defendant in litigation, which would be unfair in principle. Additionally, because Plaintiff's proposal excludes from the page count pages processed but withheld in full, Plaintiff's proposed schedule would establish an unpredictable and potentially varying production rate that would make it difficult for Defendant to allocate appropriate resources to each month's production.

Dated: January 15, 2020

        Respectfully submitted,

        *Alice W. Yao*
        Alice W. Yao (D.C. Bar No. 493789)
        Robyn K. Bitner (D.C. Bar No. 1617036)
        NATIONAL STUDENT LEGAL DEFENSE NETWORK
        1015 15th Street NW, Suite 600
        Washington, DC 20005
        (202) 734-7495
        alice@defendstudents.org
        robyn@defendstudents.org

        *Counsel for Plaintiff*


        JESSIE K. LIU, D.C. Bar No. 472845
        United States Attorney

        DANIEL F. VAN HORN, D.C. Bar No. 924092
        Chief, Civil Division

By: */s/ Katherine B. Palmer-Ball*
        KATHERINE B. PALMER-BALL
        D.C. Bar No. 1014003
        Assistant United States Attorney
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        Phone: (202) 252-2537
        katherine.palmer-ball@usdoj.gov

        *Counsel for Defendant*